

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-4016
Re: Payment of Bradley claim and
judgment out of Settlement
of Estates Fund.

     We are in receipt of your letter of September 26,
in which you request our opinion upon the following question:

     Does the State Treasurer have authority to
pay to Clemons Leonard Bradley and Cecil May Bradley
the sum of $3,647.95, which is held in the Settle-
ment of Estates Fund by the State Treasurer as the
unclaimed remainder of the estate of W. C. Hunt,
deceased, of Jack County, Texas?

     A complete statement of facts together with certi-
fied copies of certain instruments accompanies your request.

     It appears that some time between 1917 and 1924
W. C. Hunt died in Jack County, Texas, leaving a will which
was admitted to probate in Cause No. 885 in the County Court
of Jack County, Texas, styled Estate of W. C. Hunt, deceased.
Said will provided in part as follows:

     "The residue of my estate shall be divided
into 5 equal shares, and shall be distributed by
my executor as follows: ----one share to the heirs
of Agnes Bradley, deceased.----."

     Oliver Loving, who was named in the will as execu-
tor was appointed "administrator-with-the-will-annexed" and
as such his final account was approved. On the 17th day of
April, 1924, the court entered its order for final distribu-
tion of the estate which order reads in part as follows:

     ". . .the court . . . finds, that the fol-
lowing named persons are entitled to same in the
following respective interests or portions, to-wit:

"...

"Lura C. Burnam, Anna E. Barber, Emma A
Farris, and Wm. E. Bradley and Clint Bradley,
as the heirs of Agnes Bradley, deceased, one-
fifth that is to say to each of these five heirs
one twenty-fifth each;

"And it further appearing that the said
Clint Bradley has not appeared and is not repre-
sented in this court, and that he cannot be found
by the administrator, and his residence and ad-
dress is unknown.

"It is therefore adjudged and ordered by
the court . . . that the balance remaining on
hand representing the interest or portion of
Clint Bradley to be paid to the Treasury of the
State of Texas as provided in Article 3573 of
Vernon's 'Complete Texas Statutes, 1920'."

Article 3573, Vernon's Complete Texas Statutes
1920 (now included in Article 3644, Title 54, Ch. 26, R.C.S.,
1925) relating to the Settlement of Estates Fund, reads as
follows:

"Upon the settlement of the final account of
any executor or administrator, if the heirs, de-
visees or legatees of the estate, or assignees, or
any of them, do not appear or are not represented
in the court, and there are any funds of such es-
tate remaining in the hands of the executor or
administrator, it shall be the duty of the county
judge to enter an order upon the minutes requiring
such executor or administrator to pay such funds
to the treasurer of the state."

We understand that the money in question amounting
to $3,847.95, was forwarded to the Treasurer as directed by
statute and the order of the court, and was received by the
Treasurer on May 15, 1924.

Money so deposited with the Treasurer is not a
part of the State Treasury but is a trust fund to be held
by such officer for the benefit of the persons entitled
thereto, Manion v. Lockhart, 114 S. W. (2) 216.

At this point we call attention to the following statutes under Title 54, Chapter 26, Revised Civil Statutes of 1925, which provide the procedure to be followed to recover money so paid to the Treasurer.

"Article 3652. When funds of an estate have been paid to the State Treasurer, any heir, devisee or legatee of such estate, or their assignees, or any of them, may recover the portion of such funds to which he or they would have been entitled."

"Article 3653. The person claiming such funds shall institute his suit therefor, by petition filed in the county court of the county in which the estate was administered, against the State Treasurer, setting forth the petitioner's right to such funds, and the amount claimed by him."

"Article 3654. Upon the filing of such petition, the Clerk shall issue a citation for the County Attorney of the county or the District Attorney of the district to appear and represent the interest of the State in such suit, and it shall be the duty of such County or District Attorney to do so."

"Article 3660. The county or district attorney, as the case may be, shall attend to and represent the interests of the State in all matters arising under any provision of this chapter."

"Article 3655. The proceedings in such suit shall be governed by the rules for other civil suits; and should the plaintiff establish his right to the funds claimed, he shall have a judgment therefor, which shall specify the amount to which he is entitled; and a certified copy of such judgment shall be sufficient authority for the Treasurer to pay the same."

Pursuant to the above statutes, on August 29, 1935, Clemens Leonard Bradley and Cecil May Bradley Adams, joined by her husband J. C. Adams, filed an action in the County Court of Jack County, Texas, being Cause No. 850, styled Clemens Leonard Bradley, et al vs. Treasurer of the State

of Texas, to recover the above mentioned sum deposited with the Treasurer on May 15, 1924. Service of citation was had upon the County Attorney of Jack County, Texas, who appeared and answered on behalf of defendants. Said petition refers to the proceeding in Cause No. 883, Estate of W. C. Hunt deceased, and alleges the transactions in connection therewith as above described and that the sum of $3,847.95 was on deposit with the Treasurer as shown by the records of his office. Without reviewing in detail the contents of the petition, it was alleged that plaintiffs were the sole surviving children of David Clinton Bradley, all other children having died without having married and without issue, naming them, and giving the dates of their deaths; that the reason David Clinton Bradley had not appeared to claim as an heir of Agnes Bradley under the will of W. C. Hunt in 1924 was that he had died on November 21, 1908, in the County of Elmore, State of Idaho; that plaintiffs are the sole surviving heirs of David Clinton Bradley and entitled to receive the portion of the estate of W. C. Hunt which was set apart for David Clinton Bradley, and deposited with the Treasurer. Plaintiffs prayed that they have judgment for $3,847.95, and that their right to such fund be established.

On the 30th day of September, 1935, the County Clerk of Jack County, Texas, entered judgment in the above cause wherein the court found that plaintiffs Clemons Leonard Bradley and Cecil May Bradley Adams were the sole surviving children of David Clinton Bradley and his wife Mary McNish Bradley; that David Clinton Bradley was the son of Agnes Hunt Bradley who was the sister of W. C. Hunt whose estate was administered, and will probated, in Cause No. 883 in the Probate Court of Jack County, Texas. That the Administrator in said cause paid $3,847.95 to the Treasurer of the State of Texas as the portion of said Hunt estate which David Clinton Bradley as the son of Agnes Hunt Bradley would have been entitled to receive, and that David Clinton Bradley could not be found when the Hunt estate was closed because he had died on November 21, 1908. It was further found that "Clemons Leonard Bradley and Cecil May Bradley Adams are the lawful owners of the sum of $3,847.95, same being the amount which was paid into the Treasury of the State of Texas by escheat proceedings as above mentioned, said plaintiffs being entitled to said sum in equal portions, that is an undivided one-half thereof. . . It is therefore, ordered, adjudged, and decreed by the Court that the said Clemons Leonard Bradley and Cecil May Bradley Adams be and they are hereby decreed

to be the sole heirs at law of David Clinton Bradley, son of Agnes Hunt Bradley, who was the sister of W. C. Hunt,

deceased, and the lawful owners of said estate escheated to the State of Texas in the sum of $3,847.95, and that the plaintiffs Clemons Leonard Bradley and Cecil May Bradley Adams do have and recover of and from the Treasurer of the State of Texas, or the State of Texas, as the case may be, in the sum of $3,847.95 heretofore escheated to the State of Texas in that certain Cause No. 883 styled Estate of W. O. Hunt, deceased, heretofore pending in the Probate Court of Jack County, Texas, said sum recovered, however, to be without interest or costs."

So far as we are advised, no appeal or other attack has been made on said judgment.

Shortly after its rendition a certified copy of this judgment was presented to the State Treasurer but he refused to pay same for the reason that prior thereto, all of the money paid to the Treasurer under Chapter 26, Title 54, Revised Civil Statutes 1925, had been transferred to the General Revenue Fund and could not be withdrawn except by action of the Legislature. In Manion v. Lockhart, 114 S. W. (2) 216, it was held that this fund was erroneously transferred to the Treasury of the State but should have been held by the Treasurer as a trust fund separate and apart from the treasury proper for the benefit of those entitled to same. In Opinion No. O-108, we ruled that the Comptroller and Treasurer could not transfer this money from the General Revenue Fund in the Treasury to the Settlements of Estates Fund without Legislative appropriation, and that money held in the Settlement of Estates Fund could be paid under Chapter 26, Title 54 without additional appropriation by the Legislature.

The 46th Legislature enacted Senate Bill No. 188, Acts 46th Leg., Vol. II, Spec. Laws, p. 732, which provides:

"SECTION 1. The Treasurer and Comptroller of this State are hereby authorized to directly transfer from the General Fund to the Settlement of Estates Fund, the net amount of Ninety-three Thousand Six Hundred Thirty-one and 99/100 ($93,631.99) Dollars.

"SEC. 2. The fact that the sum above set forth should properly have been placed in the

Settlement of Estates Fund, but through error
was placed in the General Fund, and the further
fact that the State Treasurer and State Comp-
troller do not have authority to transfer the
moneys unless authorized by the Legislature to
do so, creates an emergency and an imperative
public necessity that the Constitutional Rule
requiring bills to be read on three several days
in each House be suspended, and the same is here-
by suspended, and this Act shall take effect and
be in force from and after its passage, and it is
so enacted."

In our opinion this Act constitutes a sufficient
authority and appropriation to transfer such money from the
General Revenue Fund to the Settlement of Estates Fund.
We understand that the sum of $93,631.99 transferred by the
above act covered all accounts erroneously transferred to
General Revenue, including the account here in question.

By order of the County Court of Jack County, Texas,
upon motion of plaintiffs, the record of the above described
judgment was corrected in its erroneous description of the
payment to the Treasurer under the order of the Probate Court
in Cause No. 685 as an "escheat", so as to properly refer to
same as having been deposited under Article 3575, Vernon's
Complete Texas Statutes 1936. In this connection we also
note that the Secretary of State erroneously placed Senate
Bill No. 188, Acts 45th Leg., quoted above, under the Title
on Escheats, instead of under Title 54, Estates of Decedents.

The first question to be considered is whether
the County Court of Jack County had jurisdiction to hear
and determine Cause No. 630 in said court, upon which plain-
tiffs base their claim for payment.

Article 3565 quoted above expressly provides that
the person claiming such funds shall institute his suit
therefor in the county court of the county in which the es-
tate was administered. This was done, and citation was is-
sued to the County Attorney as provided in Article 3654.
It is immaterial that the amount involved is in excess of
$1,000.00. It was so held in Dodson v. Wortham, (T.C.A.
1898, writ denied) 45 S.W. 855. The reason being that Con-
stitution, Article V, § 16 provides that the County Court
shall have general jurisdiction of a Probate Court and trans-
act all business appertaining to deceased persons including

the settlement, partition and distribution of estates of deceased persons. The statute contemplates that the suit can be brought in the county court regardless of amount and is constitutional "on the ground that the county court has obtained jurisdiction of the estate by the administration, and that the suit is a matter pertaining to such administration."

Article 3652, above quoted, provides that "any heir, devisee or legatee of such estate, or their assignees, or any of them" may recover such funds. Were plaintiffs in Cause No. 883, County Court of Jack County heirs or legatees of "such estate"? We think so. These two claimants take their interests directly under the estate and will of W. C. Hunt which was administered in Jack County and not indirectly through the estate of Clinton Bradley, father of these plaintiffs, upon which no administration was ever had. It will be noted that the Hunt will provided that a certain portion should go to "the heirs of Agnes Bradley deceased". We understand that Agnes Bradley died subsequent to the death of Clinton Bradley, who died in 1908, and he was therefore not a legatee under the Hunt will so that plaintiffs would not take through him or his estate by ordinary rules of descent but were direct legatees under the will as heirs of Agnes Bradley by substitution. Mox v. Baker (Com. App.) 24 S. W. (2) 1. The County Court of Jack County in the suit in 1935 was therefore not distributing or settling the estate of Clinton Bradley which had never been pending before it but was proceeding to complete the administration and settlement of the W. C. Hunt estate of which it had jurisdiction.

The County Court of Jack County having jurisdiction to determine the ownership of the fund by its judgment in Cause No. 830, styled Clemons Leonard Bradley, et al vs. The Treasurer of the State of Texas, and said judgment being outstanding and never having been set aside, it is our opinion that the State Treasurer is authorized to pay to Clemons Leonard Bradley and Cecil May Bradley Adams the sum of $5,347.95 which is held in the Settlement of Estates Fund in accordance with the terms of said judgment.

APPROVED OCT. 30, 1941
(s)   Grover Sellers
First Assistant Attorney
General

APPROVED
Opinion Committee
By  B.W.B.   Chairman

CCC:mp

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   (s)   Cecil C. Cammack
                    Assistant